KEVIN V. RYAN (CASBN 118321)
United States Attorney

ROSS W. NADEL (CASBN 87940)
Chief, Criminal Division

JEFFREY D. NEDROW (CASBN 161299)
CARTER M. STEWART (CASBN 196426)
Assistant United States Attorneys

280 South First Street
San Jose, California 95113, Suite 371
Telephone: (408) 535-5045

Attorneys for Plaintiff

FILED
JUL 13 2004
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>VICTOR CONTE, JR., et al.,<br>Defendants. | CR 04-0044-SI<br><br>DECLARATION OF JEFF NOVITZKY |

I, Jeff Novitzky, state as follows:

1. I am a Special Agent with the Internal Revenue Service, Criminal Investigation Division ("IRS-CID") assigned to the San Jose Post of Duty for the Oakland Field Office. I am assigned as the case agent to the case of United States v. Conte, CR 04-0044 SI.

2. Between October and December 2003, approximately 32 athletes testified before the grand jury hearing this matter in San Francisco. I was personally involved in transporting many of the witnesses to the grand jury and spoke to some of the witnesses before and after the grand jury proceedings.

3. As the case agent for the Balco case, I personally received copies of the original grand jury transcripts in this matter. I received these copies in person from AUSA Jeff Nedrow or his legal

101

assistant, Susan Kreider. I stored, and continue to store, my copies of the transcripts in a closed and lockable file cabinet located within my private workspace area inside IRS-CID's secured San Jose Post of Duty office. This file cabinet is closed when I am not working with the material, and routinely locked when I am not in the office. I have not told other people within the office where the transcripts are located, and have never seen or authorized any other IRS employee to remove transcripts from this file cabinet.

4. I have distributed some of the grand jury transcripts to one other IRS agent working with me in investigating this case, Special Agent Erwin Rogers. I have also asked Susana Mendoza, a Tax Fraud Investigative Aid with our office, to assist at times in preparing and copying grand jury transcripts for distribution and use in connection with the investigation in this case. Other than Agent Rogers and TFIA Mendoza, I am not aware of any other IRS employee directly handling and reviewing the grand jury transcripts in this matter.

5. Following the indictment in this case, between March and April 2004, I gave a complete set of the grand jury transcripts to TFIA Mendoza and asked her to make a copy of them in order to provide a complete set of the transcripts to AUSA Haywood Gilliam, another AUSA assigned to work on this matter. Once the copies were completed, she returned to me my set of the transcripts and the newly copied set of transcripts. I then gave the copied set of transcripts to Agent Rogers. I understand that Agent Rogers personally delivered this set of the transcripts to AUSA Gilliam in San Francisco. Other than the set given to AUSA Gilliam and my distribution of some transcripts to Agent Rogers, neither I nor anyone else at the IRS has distributed copies of the grand jury transcripts which I received from the U.S. Attorney's Office.

6. At the request of the U.S. Attorney's Office, I conducted an internal review of the handling of the grand jury transcripts in this case. I have personally spoken with Agent Rogers and TFIA Mendoza about their handling of the grand jury transcripts in this matter. I have requested and received declarations from each of them. Both of these individuals have stated in their sworn declarations that they never disclosed grand jury transcripts in this case to an unauthorized person, including specifically any member of the media.

7. As a part of my training as a Special Agent with the Internal Revenue Service, Criminal

Investigation Division, I understand that pursuant to Fed.R.Crim.P 6(e), it is imperative to maintain grand jury transcripts in a secure manner to ensure their secrecy. I received training in the importance of securing grand jury material when I first started work as a Special Agent. I am further aware that there is a protective order in this case, and I am familiar with the explicit additional protections it has imposed regarding the handling of grand jury transcripts in this case.

8. Since receiving the copies of the grand jury transcripts in this case, I have maintained the transcripts in a secure manner, and I have only reviewed and used them in a manner consistent with Rule 6(e) and the protective order, e.g. for legitimate law enforcement investigative and prosecutorial purposes. I have never given copies of any of the Balco grand jury transcripts to any person who did not have the legal right or authorization to possess or review them, nor have I disclosed or discussed the information contained within the transcripts with others without legal authorization. I have not caused another person to distribute the transcripts to persons who did not have the legal right to possess or review them. I have never given any of the transcripts to a media representative, nor have I disclosed any of the information contained within the transcripts to a media representative.

9. I am aware of the apparent unauthorized disclosure of the grand jury transcript of Tim Montgomery to reporters with the San Francisco Chronicle, a disclosure which resulted in a story in the San Francisco Chronicle on June 24, 2004. I never spoke to these reporters (or any other reporters) about Tim Montgomery or his grand jury testimony, and did not provide either of them, or any employee with the San Francisco Chronicle, with the grand jury transcript of Tim Montgomery or with information contained within the Tim Montgomery transcript.

10. I am aware that Iran White, a special agent with the California Bureau of Narcotics Enforcement, was the subject of an April 2004 magazine article and interview. However, that interview was unauthorized and occurred after Agent White was no longer working on the case. Agent White had a very limited role in this case and never had access to any grand jury information. He is no longer involved in the ongoing investigation and prosecution of the case.

11. Based upon my discussions with the government attorneys, agents, and employees involved in this case, I have concluded that there is no evidence that the government disclosed the

Montgomery grand jury transcript to the Chronicle, or that the government has disclosed any other items to the media in violation of Rule 6(e) or the protective order signed in this case.

I swear under penalty of perjury that the foregoing is true and correct.

DATED:

JEFF NOVITZKY
Special Agent, IRS